

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-16-2006

# Washington v. State of NY

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1924

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Washington v. State of NY" (2006). *2006 Decisions.* Paper 195.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/195

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-1924
_____

MARY ELAINE WASHINGTON,
Appellant

v.

DEPARTMENT OF STATE OF THE STATE OF NEW YORK;
DEPARTMENT OF THE STATE OF NEW JERSEY; SAVE-A-THON,
(Sewing Machine, Fabric & Craft Centers);
METROPOLITAN TRANSPORTATION AUTHORITY,
doing business as New York City Transit Authority (N.Y.C.T.A.)
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 05-cv-03076)
District Judge: Honorable Jose L. Linares
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
September 8, 2006

Before: RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>

(Filed: November 16, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

Appellant Mary Elaine Washington, proceeding <u>pro se</u>, appeals the District Court's

dismissal of her complaint with prejudice pursuant to 28 U.S.C. §1915(e)(2).  For the reasons that follow, we will dismiss this appeal as meritless.

Washington initially filed a complaint alleging a due process violation by all named defendants related to:

> conspiracy, criminal facilitation, trade defamation, credit-line denials, undue influence, invasions of privacy, infringement of intellectual properties' (copyrights) public and private domains, deviate unconsented sodomy, criminal negligence, harassment, depletion of social security accrual benefits and any defendant's other offenses committed, under their concerted criminal facilitation.

Washington did not allege facts supporting any of these claims.  The District Court dismissed the complaint with prejudice with respect to the state defendants, the New York and New Jersey Departments of State, on the basis of sovereign immunity.  With respect to the remaining defendants, the Court dismissed the complaint without prejudice, but permitted Washington to amend the complaint to set forth facts in support of her claims.

Washington then filed an amended complaint which purported to set forth eight causes of action but did not provide a cognizable factual foundation for them.  Unable to ascertain the basis for her complaint, the District Court held that it failed to state a cause of action and dismissed it with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Because Washington has been granted in forma pauperis status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).  An appeal may be dismissed if it has no arguable basis in law or fact.  Neitzke v. Williams,

2

490 U.S. 319, 325 (1989).

It appears from Washington's amended complaint that she was previously employed by at least one of the defendants, that she was terminated from her position, and that she was denied unemployment benefits. It is difficult to ascertain any other facts from the amended complaint, and we are therefore unable to determine the precise basis for Washington's lawsuit. Given the foregoing, we conclude that the District Court correctly dismissed Washington's complaint and amended complaint for failure to state a claim on which relief may be granted, after affording Washington an opportunity to amend and clarify her complaint. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). We therefore conclude that this appeal is meritless.

Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).